David R. Hall, #9225
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
dhall@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TYR ENERGY COAL LOGISTICS, LLC, a Texas limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>GEO-HUNT CONSULTING, LLC., a Colorado limited liability company; GREGORY L. HUNT, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:18-cv-00967-EJF<br><br><br><br>Judge Evelyn J. Furse |

Plaintiff, TYR Energy Coal Logistics, LLC, by and through counsel, hereby complains against the above-named defendants Geo-Hunt Consulting, LLC and Gregory L. Hunt and allege as follows:

### DESCRIPTION OF PARTIES

1. Plaintiff TYR Energy Coal Logistics, LLC is a Texas limited liability company (*"TYR Coal"*).

2. The sole member of TYR Energy is TYR Energy Utah Logistics, LLC ("*TYR Utah*") a Texas limited liability company. The members of TYR Utah are Kip Eardley and TYR Energy Holdings, LLC ("*TYR Holdings*") a Texas limited liability company.

3. Kip Eardley is a citizen of the State of Utah. TYR Holdings does not have any members that are citizens of the state of Colorado.

4. Upon information and belief, Defendant Geo-Hunt Consulting LLC. ("*Geo-Hunt Consulting*") is a Colorado limited liability company.

5. Upon information and belief, the only member of Geo-Hunt Consulting is Defendant Gregory L. Hunt.

6. Upon information and belief, Defendant Gregory L. Hunt ("*Hunt*") is a citizen of the State of Colorado.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367. The amount in controversy is in excess of $75,000.00.

8. This Court has general personal jurisdiction over Defendants because many of the acts or omissions alleged herein took place in the State of Utah and the real property interests in dispute are located in the State of Utah.

9. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. TYR Coal was referred to Hunt and his company Geo-Hunt Consulting because it was in need of a geologist to assist with its business operations in the Uinta Basin of Utah.

11. More specifically, Hunt and Geo-Hunt Consulting were retained by TYR Coal to assist with coal and frac sand projects in the Uinta Basin of Utah.

12. On or about April 24, 2018, TYR Coal and Geo-Hunt Consulting entered into a Mutual Confidentiality, Non-Disclosure and Non-Circumvention Agreement ("*Agreement*").

13. The Agreement provides that all confidential information, including research, business plans, data, and development plans shall remain the sole and exclusive property of TYR Coal.

14. The Agreement prohibits Geo-Hunt Consulting from contacting potential clients, customers, or service providers about the business opportunities being pursued except through TYR Coal.

15. TYR Coal decided to pursue the exploration of frac sand deposits in the Uinta Basin.

16. TYR Coal provided Hunt and Geo-Hunt Consulting with frac sand reports, identified the areas to test and travelled to Vernal, Utah with Hunt to test frac sand sites.

17. TYR Coal and/or individual acting on behalf of TYR Coal paid for Hunt's and Geo-Hunt's expenses. Including paying for Hunt's living expenses, travel costs, and equipment for the frac sand testing and to stake frac sand claims.

18. Despite being told on numerous occasions that the frac sand claims needed to be recorded in the name of a TYR entity, on or about October 15, 2018, Hunt and Geo-Hunt Consulting recorded the frac sand claims with Uintah County Recorder's Office under "La Playa Claims" filed by Geo-Hunt Consulting.

19. The frac sand claims were recorded as claim numbers 2018-007134 through 2018-007167 ("*Claims*").

20. Subsequent to recording the Claims, Hunt contacted TYR to inform TYR he had found a potential investor.

21. TYR Coal demanded that Hunt and/or Geo-Hunt Consulting transfer or assign the Claims to TYR Coal.

22. Hunt and/or Geo-Hunt Consulting now assert that they are entitled to sole ownership of the Claims and have refused to assign the Claims to TYR Coal.

### FIRST CAUSE OF ACTION
(QUIET TITLE)

23. Plaintiff re-alleges and incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

24. TYR Coal is the proper and rightful owner of all right, title, and interest in the Claims.

25. Hunt and/or Geo-Hunt Consulting, and all persons or entities claiming ownership of the Claims through Hunt and/or Geo-Hunt Consulting have no proper or valid right, title or interest in the Claims.

26. A justiciable controversy and clash of legal rights has arisen between Plaintiff and Defendants with respect to the Claims.

27. TYR Coal is entitled to an order quieting title to the Claims and stating that TYR Coal is the sole owner of, and holds all right, title, and interest in the Claims.

4842-4839-8980v1

## PRAYER FOR RELIEF

Plaintiffs requests that judgment be entered against Defendants and in favor of Plaintiff as follows:

A.    The entry of an order quieting title to the Claims and stating that TYR Coal is the sole owner of, and holds all right, title, and interest in the Claims.

B.    For Plaintiffs' attorneys' fees and costs incurred in bringing this lawsuit.

C.    For such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues and claims so triable.

DATED this 21st day of December, 2018.

/s/ David R. Hall
David R. Hall
PARSONS BEHLE & LATIMER

*Attorneys for Plaintiff*